GENOVEVA RIVERA CARDONA ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART (EMINENT DOMAIN DIVISION) ET AL., Respondents.

No. O-70-70.     Decided June 30, 1970.

*Luis A. Archilla Laugier* for petitioners. *Gilberto Gierbolini, Solicitor General, Peter Ortiz* and *Ruth Tentori Lebrón Velázquez, Assistant Solicitors General,* for intervener, The Commonwealth.

PER CURIAM: By the issuance of writ of certiorari we agreed to review the orders of the Eminent Domain Division of the Superior Court denying petitioner's petition filed as a means to discover evidence, intending to obtain copy of a report related to the valuation of the property object of condemnation by the Commonwealth in this case. The trial court, on reconsideration, conditioned its denial ordering the simultaneous interchange of the reports between the parties "as soon as said defendant has prepared in writing its assessment report", after being warned by petitioner that "at the present time she did not have an expert's report of appraisal, but that she bound herself to supply copy of the same with sufficient time prior to the hearing of the case."

The Superior Court thus sustained the position of the State, as the latter appears summarized in its following objection to appellant's written interrogatories:

"Delivery of the valuation report is objected to. It can be interchanged with that of the other party if it is thus requested."

Notwithstanding her offer in the incident of reconsideration before the Superior Court, petitioner evidently exposes before us the view that she is entitled to examine the report of the State without any further condition. The State, on the other hand, assumes the position that it can condition the delivery to a simultaneous interchange of reports.

As it may be seen, the parties are even more farther apart in their positions today, than they were in the trial court. They only coincide with the decision in *Martínez* v. *Superior Court*, 85 P.R.R. 1 (1962), to support their respective views.

The eloquently convincing effect for the solution of this procedural controversy is found in the opinion of the former Justice Blanco Lugo in the case of *Martínez* v. *Superior Court, supra*. Although said case raised the question as to whether defendant could take a deposition of the State's expert witness, by oral examination the opinion did not conclude here, but it rather confronted vigorously the difficult task of establishing the rules and principles which should serve as guidelines to trial courts and to the parties in the entire field of the discovery of evidence in litigations involving condemnation with the due emphasis and acknowledgment of the deference which the learned discretion of the trial judges deserves in their mission ". . . of securing a fair and speedy and economical trial without advantages for either party." *Martínez, supra* at p. 12. As to the question raised herein, it was stated there:

". . . The party requiring the discovery shall in turn place its expert report at the disposal of the other party, or if it did not have available an expert's services at the moment, it shall be ordered to so inform the other party with sufficient time prior

to the trial so that if the latter so wishes it may request the inspection of any report given or it may proceed to take his deposition."

From the above-copied sentence it is inferred that the obligation of supplying reports is reciprocal but not necessarily simultaneous. Actually we cannot understand the argument of the State in the sense that the previous delivery of its report would create an advantage for the party from whom property is taken. It is true that the party object of condemnation, in the meantime, shall gain knowledge of its opponent's weapons, shall discover the fruit of that expert's investigation which shall be utilized against it in order to contract later on an expert to contradict the testimony of the State's expert witness. But if we should support a view in the sense that each party should wait for each other's report, a last minute preparation would probably result, possibly inadequate, for the trial. It is possible to argue that the simultaneous interchange is the means the State has to assure itself that a report shall be received from the other party. However, we must not forget that the court has power to impose sanctions on a party which, without any justification, refuses or omits to discover evidence. See *Hartman* v. *Superior Court*, 98 P.R.R. 122 (1969).

In the light of the foregoing, it is proper that the State supply a copy or offer its opponents an opportunity to examine and copy the valuation report prepared by its expert or experts.

The order appealed from will be annulled and the case will be remanded to the trial court for further proceedings.

Mr. Justice Santana Becerra and Mr. Justice Rigau did not participate herein.